IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STATE AUTO PROPERTY and CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  09-3146 |
| PAUL KINCAID, individually and d/b/a THE HAIR CLINIC, a partnership, and STEVE COLLINS, individually and d/b/a THE HAIR CLINIC, a partnership, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on the Motion to Dismiss or Stay in the Alternative (Motion to Dismiss) (d/e 33) filed by Defendant Steven R. Collins, individually and doing business as The Hair Clinic.  Plaintiff State Auto Property and Casualty Insurance Company (State Auto) has filed Plaintiff's Response to Motion to Dismiss or Stay (Response) (d/e 39).  Also before the Court is Defendant Collins' Motion to Remand to State Court (Motion to Remand) (d/e 34) and Plaintiff's Response to Motion to

1

Remand (d/e 38).

These matters are fully briefed and ripe for adjudication. For the reasons described below, the Motion to Dismiss is granted in part, and the Motion to Remand is denied.

FACTS

According to the Complaint for Declaratory Judgment (Complaint) (d/e 1), Plaintiff State Auto is an Iowa insurance corporation with its principal place of business in Columbus, Ohio. State Auto is licensed to conduct business in the State of Illinois. Defendants Paul Kincaid and Steven R. Collins are Illinois residents and State Auto insureds. Defendant The Hair Clinic is Defendants Kincaid's and Collins' partnership, and is also a State Auto insured. Defendant Kincaid is an inmate at the U.S. Penitentiary in Marion, Illinois, and Defendant Collins resides in Litchfield, Illinois.[1]

Starting on October 8, 1999, Plaintiff issued insurance policy SOP9612605 (the Policy) to Kincaid and Collins doing business as The

---

[1] On October 17, 2007, after a bench trial, this Court found Kincaid guilty of producing child pornography and possessing child pornography, in violation of federal law. Central Dist. of Ill. Case No. 06-30073, Opinion of October 17, 2007 (d/e 39). The Court sentenced Kincaid to a 360-month term of imprisonment on the production conviction and a 120-month term of imprisonment on the possession conviction, to run concurrently. Central Dist. of Ill. Case No. 06-30073, Minute Entry of April 15, 2008.

2

Hair Clinic. Defendants purchased this policy through an insurance agent, Simpson Insurance Services, Inc. (Simpson). Simpson is an Illinois corporation. Defendants renewed this policy annually through October 8, 2008.

On May 4, 2009, John Doe, previously a party to this action, filed a lawsuit in the Circuit Court of Montgomery County, Illinois, (State Court Case) against Kincaid, Collins, and The Hair Clinic, among others. <u>Complaint</u>, Ex. J, <u>Complaint in Montgomery County Case No. 09 L 10</u>. Doe alleges that from 2000 into 2006, Kincaid repeatedly sexually assaulted, battered, and intentionally inflicted emotional distress on Doe while Doe performed work at The Hair Clinic. Doe also brings claims against Kincaid, Collins, and The Hair Clinic for negligence, negligent hiring, and negligent supervision/retention. Additionally, Doe is suing Collins for fraudulent conveyance.

Plaintiff is currently defending Defendants Collins and The Hair Clinic in the State Court Case, and filed this declaratory judgment action, seeking a judgment that it does not have an obligation to defend them.

## ANALYSIS

I.   MOTION TO DISMISS

Defendant Collins presents several arguments for dismissal. The first seems to be that the Court lacks subject matter jurisdiction because Simpson is an indispensable party, and State Auto intentionally failed to join Simpson because doing so would have destroyed diversity jurisdiction. See Fed. R. Civ. P. 19(1); 28 U.S.C. § 1332.

This argument is without merit. Simpson is merely the insurance agent through which Defendants purchased the Policy, and as such is not an indispensable party. Collins presents no facts supporting his assertion that the Court "cannot accord complete relief among existing parties" in Simpson's absence. See Fed. R. Civ. P. 19(a)(1)(A). The fact that Collins purchased the Policy through Simpson is irrelevant. State Auto is an Iowa corporation with its principal place of business in Columbus, Ohio. The parties here are diverse, and the Court has subject matter jurisdiction over this lawsuit.

Collins next seems to argue that the case should be dismissed because his counsel in the State Court Case, Brown & James, P.C., was secured by State Auto, and has represented State Auto in other matters. Collins argues

for dismissal based on this alleged "serious conflict of interest which may have compromised the Defendant." Motion to Dismiss, ¶ 13. However, State Auto provided Collins with the opportunity to engage counsel of his own choosing in the State Court Case, with said counsel to be paid by State Auto. Response, Ex. A, Affidavit of Robert Marc Chemers, Ex. 1, Reservation of Rights Letter to Collins Dated June 4, 2009. Collins chose not to do so, and has accepted Brown & James, P.C.'s representation without objection for nearly a year. Furthermore, Collins' argument does not afford him a basis for dismissal.

Collins also appears to argue for dismissal of State Auto's claim for reimbursement of defense costs in Count IV of the Complaint because, Collins contends, there is no provision in the Policy relating to reimbursement. Again, Collins is wrong. In his Answer, Collins admitted that certified true and correct copies of the Policy for all relevant periods were attached to the Complaint. Answer (d/e 19), ¶ 8. The Policy contains endorsement SI 01 62 04 06, called "ILLINOIS CHANGES - DEFENSE COST REIMBURSEMENT." Complaint, Ex. I (d/e 1-23), Illinois Changes - Defense Cost Reimbursement, p. 9. Collins has admitted that this endorsement is an accurate part of the Policy, and therefore his argument

5

to the contrary at this stage in the proceedings must fail.

Collins has presented no viable basis for dismissal, and the Court will not dismiss this case.

II.     MOTION TO STAY

Collins alternatively argues that this case is premature, and that the Court should stay this case pending resolution of the State Court Case. Plaintiff counters that declaratory judgment actions are commonly filed in conjunction with underlying lawsuits, and that determination of rights and liabilities under the Policy will not impact the State Court Case. Plaintiff also argues that Collins' actions that gave rise to the State Court Case were "purely intentional and voluntary . . . ." Response, ¶ 6.

Under Illinois law, "insurers are encouraged to resolve coverage problems by filing declaratory judgment actions." Allstate Ins. Co. v. Carioto, 551 N.E.2d 382, 386 (Ill.App. 1st Dist. 1990). In determining whether an insurer has a duty to defend, a court compares the allegations in the underlying complaint with the provisions of the insurance policy in question. Outboard Marine Corp. v. Liberty Mut. Ins. Co., 607 N.E.2d 1204, 1212 (Ill. 1992); Westfield Nat. Ins. Co. v. Continental Community Bank & Trust Co., 804 N.E.2d 601, 604 (Ill.App. 2nd Dist. 2003).

6

However, a declaratory judgment action is premature when a decision by the declaratory judgment court would impact adjudication of the underlying tort litigation. <u>Am. Family Mut. Ins. Co. v. Savickas</u>, 739 N.E.2d 445, 450-51 (Ill. 2000); <u>see</u> <u>Maryland Cas. Co. v. Peppers</u>, 355 N.E.2d 24, 30 (Ill. 1976); <u>Empire Fire & Marine Ins. Co. v. Clarendon Ins. Co.</u>, 642 N.E.2d 790, 793 (Ill.App. 1st Dist. 1994) (declaratory judgment action is premature when "issues crucial to the underlying action would be decided, thereby precluding one or more theories of recovery"). Only in rare circumstances, such as when "there is conclusive evidence that the insured acted intentionally," should a declaratory judgment court resolve the coverage issue prior to disposition of the underlying case.[2] <u>Carioto</u>, 551 N.E.2d at 387.

---

[2]As insurance expert Allan D. Windt has observed:

> The only legitimate purposes to be served by an adjudication of the insurance company's coverage obligation while the main action against the insured is pending are (a) potentially, to save the company the expense of having to defend the insured when the complaint gives rise to a duty to defend, and (b) to assist the insurer in avoiding liability by enabling it to obtain a court's approval before denying a request for policy benefits. Neither end warrants requiring the insured to litigate the issues regarding liability both in the main case and in a declaratory judgment action. Refusing the insurance company the option of seeking a declaratory judgment does work to its disadvantage, but not inequitably so.

2 INSURANCE CLAIMS & DISPUTES 5th § 8:4 (March 2010).

In Carioto, the Illinois Appellate Court held that "in instances where *bona fide* controversies arise over the issue of negligence versus intentional conduct, declaratory judgment actions are generally inappropriate." 551 N.E.2d at 386. However, the Carioto Court found that the declaratory judgment action in question was not premature because the insured's guilty plea to attempted murder, "conduct, a criminal conviction resulting from that conduct, and judicial admissions made by the insured" conclusively demonstrated that the insured acted intentionally when he repeatedly stabbed the underlying tort plaintiff. Id.

Plaintiff here, relying on Carioto, argues that "the facts here conclusively support a finding that Collins' acts were purely intentional and voluntary." Response, ¶ 6. The Court disagrees. Unlike the insured in Carioto, Collins has not pleaded guilty to or been convicted of any crime. The claims brought against him and The Hair Clinic in the State Court Case are for negligence, not intentional conduct. There is no conclusive evidence before the Court at this time that Collins or The Hair Clinic acted intentionally. The declaratory judgment action against these Defendants to determine coverage under the Policy is premature under Illinois law.

Plaintiff's reliance on Westfield is likewise unavailing. In Westfield,

8

the plaintiffs in the underlying tort case were victims of childhood sexual abuse by the insured's husband. 804 N.E.2d at 602-03. The trial court entered summary judgment in favor of the insurer, finding that it did not have a duty to defend or indemnify the insured because of the specific facts of the case, language of the underlying tort complaint, and provisions of the insurance policy in question. Id. at 603-04. The Westfield Court affirmed, expressly declining to impute the intent of the sexual abuser to his wife, and instead basing its holding on the language of the insurance policy and the underlying complaint. Id. at 608. Westfield does not, then, stand for the proposition that allegations of misconduct against the spouse-insured of a sexual abuser constitute "conclusive evidence" of intentional behavior by the spouse-insured. See Carioto, 551 N.E.2d at 387.

Therefore, the Court finds that this declaratory judgment action as to Defendants Collins and The Hair Clinic is premature. The Court further finds that a stay is appropriate as to these two Defendants pending resolution of the State Court Case.

II.   MOTION TO REMAND

Defendant Collins next asks the Court to remand this case to state court. However, the Court cannot remand the case to state court because

it was not filed in state court in the first place.

The Court construes Collins' argument as one to dismiss for improper venue. Collins seems to argue that venue in the U.S. District Court for the Central District of Illinois is improper. A defendant may challenge venue as improper under Federal Rule of Civil Procedure 12(b)(3), but he must do so either in a responsive pleading or a pre-answer motion. See Fed. R. Civ. P. 12(b)(3). Failure to timely raise an objection to venue results in waiver of the objection. Fed R. Civ. P. 12(h)(1).

Here, Defendant Collins filed his Answer on September 3, 2009, but did not file his Motion to Remand until March 15, 2010. Collins waived his objection to venue by failing to raise it in a timely manner. Furthermore, even if Collins' challenge was timely, venue is proper in the Central District of Illinois. Collins resides in Montgomery County, Illinois, which lies within the Central District, making venue appropriate in this Court. See 28 U.S.C. § 1391(a). Accordingly, the Court must deny the Motion to Remand.

## CONCLUSION

THEREFORE, the Motion to Dismiss or Stay in the Alternative (d/e 33) is GRANTED in part and DENIED in part. The Court declines to

dismiss this case. However, this case is hereby stayed as to Defendants Collins and The Hair Clinic pending resolution of the State Court Case. The parties are directed to file status reports with the Court on or before December 31, 2010, and every six months thereafter. Defendant Collins' duty to respond to the pending Plaintiff's Motion for Summary Judgment as to Counts II, III and IV of its Complaint (d/e 31) is likewise stayed until twenty-one days after the Court lifts the stay on this case. The Motion to Remand to State Court (d/e 34) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   May 18, 2010

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
    UNITED STATES DISTRICT JUDGE