IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  09-3146 |
| PAUL KINCAID, individually and d/b/a THE HAIR CLINIC, a partnership, and STEVE COLLINS, individually and d/b/a THE HAIR CLINIC, a partnership, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiff's Motion for Summary Judgment as to Count I of Its Complaint (Motion) (d/e 29) and Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment as to Count I of Its Complaint (d/e 30).  Defendant Paul Kincaid has filed his Response to Plaintiff's Summary Judgement Motion (Response) (d/e 41).  This matter is ripe for adjudication.  For the reasons described below, the Motion is granted.

1

## FACTS

According to the Complaint for Declaratory Judgment (Complaint) (d/e 1), Plaintiff State Auto Property and Casualty Insurance Company (State Auto) is an Iowa insurance corporation with a principal place of business in Columbus, Ohio. State Auto is licensed to conduct business in the State of Illinois. Defendant Paul Kincaid is an Illinois resident and State Auto insured. Defendant Kincaid is an inmate at the U.S. Penitentiary in Marion, Illinois. He is serving a 360-month term of imprisonment for producing child pornography and possessing pornography, in violation of federal law. Cent. Dist. of Ill. Case. No. 06-30073, Minute Entry of April 15, 2008.

Starting on October 8, 1999, Plaintiff issued insurance policy SOP9612605 (the Policy) to Kincaid and Defendant Steven R. Collins, doing business as The Hair Clinic, also a Defendant in this action.[1] Defendants renewed the Policy annually through October 8, 2008. The Policy provided for business-owners' liability coverage.

On May 4, 2009, John Doe, previously a party to this action, filed a

---

[1] This case has been stayed as to Defendants Collins and The Hair Clinic. Opinion of May 18, 2010 (d/e 43).

2

lawsuit in the Circuit Court of Montgomery County, Illinois, (State Court Case) against Kincaid, Collins, and The Hair Clinic, among others. Complaint, Ex. J, Complaint in Montgomery County Case No. 09 L 10. Doe alleges that from 2000 into 2006, Kincaid repeatedly sexually assaulted, battered, and intentionally inflicted emotional distress on Doe. Doe also brings claims against Collins and The Hair Clinic for negligence, negligent hiring, and negligent supervision/retention.

Plaintiff filed this declaratory judgment action on June 12, 2009. Complaint. Count I is the only Count directed against Defendant Kincaid. In Count I, Plaintiff seeks a declaration that it does not have a duty under the Policy to defend Kincaid in the State Court Case.

## ANALYSIS

I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment must be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has produced evidence showing that it is entitled to summary judgment, the

non-moving party must present evidence to show that issues of fact remain. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  A court properly enters summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322; see McKenzie v. Ill. Dept. of Transportation, 92 F.3d 473, 479 (7th Cir. 1996) (quoting Celotex).  "A failure to respond will be deemed an admission of the motion."  CDIL-LR 7.1(D)(2); see Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994).

II.   MOTION FOR SUMMARY JUDGMENT

Plaintiff argues that it is entitled to summary judgment against Defendant Kincaid because none of the allegations against him in the State Court Case falls within the Policy's purview.  Under Illinois law, an insurance company's duty to defend depends upon the provisions of the policy in question and the allegations of the complaint.  Outboard Marine Corp. v. Liberty Mutual Ins. Co., 607 N.E.2d 1204, 1212 (Ill. 1992); Hartford Ins. Co. of Ill. v. Kelly, 723 N.E.2d 288, 291-92 (Ill.App. 1st Dist. 1999); West Am. Ins. Co. v. Vago, 553 N.E.2d 1181, 1184 (Ill.App. 2nd

Dist. 1990). If the complaint alleges facts that potentially fall within the policy's scope, the insurer has a duty to defend. Outboard Marine, 607 N.E.2d at 1212; Vago, 553 N.E.2d at 1184.

Here, Plaintiff first argues that Defendant Kincaid's conduct was criminal and intentional, and is excluded from coverage under the Policy as a matter of Illinois law. See Kelly, 723 N.E.2d at 292 ("[W]here an underlying complaint sets forth factual allegations of sexual misconduct, specific intent to harm is inferred as a matter of law, especially when the victims are minors."). Plaintiff next asserts that Defendant Kincaid's conduct did not arise out of the operation or use of his business, The Hair Clinic, and therefore he is not entitled to coverage under the Policy. Finally, Plaintiff argues that the State Court Case does not allege bodily injury, as defined by the Policy.

Defendant Kincaid's Response does not meaningfully address Plaintiff's arguments; instead, Defendant Kincaid states that he "does not have the legal expertise necessary to know the law or to apply the law to formulate a proper defense" to Plaintiff's Motion. Response, p. 1. Defendant Kincaid's Response is a response in name only, and Defendant Kincaid has failed to shoulder his burden of showing that a genuine issue of

5

fact remains for trial. Doe's allegations against Kincaid clearly assert criminal and intentional conduct by Kincaid. Plaintiff is therefore entitled to summary judgment on Count I of the Complaint.

## CONCLUSION

THEREFORE, Plaintiff's Motion for Summary Judgment as to Count I of Its Complaint (d/e 29) is GRANTED. Judgment is entered in favor of Plaintiff State Auto Property and Casualty Insurance Company and against Defendant Paul Kincaid on Count I of the Complaint for Declaratory Judgment (d/e 1).

IT IS THEREFORE SO ORDERED.

ENTER:  June 22, 2010

       FOR THE COURT:

                                s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE