# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09-3146 |
| PAUL KINCAID, STEVE COLLINS, both individually and doing business as THE HAIR CLINIC, a partnership, and John Doe, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

This matter comes before the Court on Plaintiff State Auto Property and Casualty Insurance Company's (State Auto) Motion to Reconsider (d/e 44). For the reasons set forth below, the Motion is ALLOWED.

State Auto asks the Court to reconsider its Opinion entered May 18, 2010 (d/e 43) (Opinion). State Auto filed this declaratory judgment action to determine its duty to defend under State Auto insurance policy SOP9612605 (Policy) issued to Defendants Paul Kincaid, Steve Collins, and their partnership, The Hair Clinic. John Doe sued Kincaid, Collins,

1

The Hair Clinic, and others in Montgomery County, Illinois, Circuit Court, Case No. 09 L 10 (State Court Case). State Auto filed this action asking the Court to declare that it had no duty under the Policy to defend Kincaid, Collins, and The Hair Clinic in the State Court Case. The Court granted summary judgment in favor of State Auto and against Kincaid. Opinion entered June 23, 2010 (d/e 48).

The Court stayed these proceedings as to Collins and The Hair Clinic until the State Court Case was resolved. Opinion, at 11. The Complaint in the State Court Case (State Court Complaint) alleged that the minor John Doe was employed at The Hair Clinic in 2000 when he was 12 years old, and that Kincaid used Doe's employment as an opportunity to sexually abuse Doe. Doe alleged that Kincaid continued to abuse Doe from 2000 to 2006. Complaint (d/e 1), Exhibit J, State Court Complaint, ¶¶ 17-20. The State Court Complaint alleged claims against Collins and The Hair Clinic for negligence, negligent hiring, and negligent supervision/retention. State Court Complaint, Counts Ten, Twelve, and Thirteen. This Court determined that the State Court Complaint raised bona fide issues regarding whether Collins and The Hair Clinic acted negligently or intentionally. The Court determined that this matter should be stayed until these issues were

resolved in the State Court Case. Opinion, at 9.

State Auto asks the Court to reconsider this decision. Motions for reconsideration, "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). In this case, the Court agrees that the Opinion contains an error of law. The Seventh Circuit recently vacated a stay in a similar declaratory judgment action. Medical Assur. Co., Inc. v. Hellman, 610 F.3d 371, 381-82 (7th Cir. 2010). The Seventh Circuit determined that the declaratory judgment action to determine the duty to defend should proceed because the issues are distinct from the issues in the underlying action. Id.

The Seventh Circuit's reasoning in Hellman is controlling here. The Policy contains a duty to defend. Complaint, Exhibit A, Policy p. 28 of 50, BusinessOwners Liability Coverage Form A.1. State Auto filed the action to determine its duty to defend. To decide whether State Auto had a duty to defend in this case, the Court must examine the Policy and the allegations in the State Court Complaint and determine whether there is any possibility that the Policy would provide coverage for any of the alleged claims against Collins and The Hair Clinic. If so, State Auto must provide

a defense.  Illinois Farmers Ins. Co. v. Preston, 153 Ill.App.3d  644, 647, 505 N.E.2d 1343, 1345 (Ill.App. 2ᵈ Dist. 1987).  The Court does not need to decide whether Doe can prove any of the allegations in the State Court Complaint.  The Court, thus, will not decide any of the ultimate issues in the State Court Case or otherwise affect the outcome of the State Court Case.  See Hellman, 610 F.3d at 381-82; Preston, 505 N.E.2d at 1348.

This Court would only interfere with the State Court Case if it decided whether State Auto had a duty to cover losses resulting from the State Court Action.  Coverage issues are not ripe until the State Court Case is resolved.  Hellman, 610 F.3d at 375.  This Court, however, should proceed with the issue of State Auto's duty to defend.  Id. at 381-82.  This Court, therefore, will lift the stay and proceed with consideration of State Auto's pending Motion for Summary Judgment (d/e 31).

The Court notes that this type of action may be resolved by cross-motions for summary judgment if the issues can be decided by comparing the allegations in the complaint in the underlying action and the terms of the policy.  Cf., Preston, 505 N.E.2d at 1348.  Defendants Collins and The Hair Clinic, however, have not filed a cross-motion for summary judgment.  To facilitate resolution of the case, the Court gives notice to the parties that

4

in ruling on State Auto's Motion for Summary Judgment, the Court will also consider whether to enter summary judgment in favor of the non- movant Defendants Collins and The Hair Clinic.

THEREFORE, Plaintiff State Auto Property and Casualty Insurance Company's Motion to Reconsider (d/e 44) is ALLOWED. The stay entered in this case is lifted. The Court will proceed with State Auto's Motion for Summary Judgment (d/e 31). The Court gives notice to the parties that the Court will also consider whether to enter summary judgment in favor of the non-movant Defendants Steve Collins and The Hair Clinic. Defendants Collins and The Hair Clinic are directed to respond to the pending Motion for Summary Judgment (d/e 31) by October 22, 2010. Defendant Collins and The Hair Clinic may include in their response any arguments and exhibits to support granting summary judgment in their favor. State Auto is directed to file any reply by November 5, 2010. State Auto may include in its reply any opposition to granting summary judgment in favor of Collins and The Hair Clinic.

ENTERED this 27th day of September, 2010

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE