E-FILED
Tuesday, 01 February, 2011  11:26:08 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09-3146 |
| PAUL KINCAID, STEVE COLLINS, both individually and doing business as THE HAIR CLINIC, a partnership, and JOHN DOE, | ) ) ) ) ) | |
| Defendants. | ) | |

<u>OPINION</u>

This matter comes before the Court on Plaintiff's Motion for Summary Judgment as To Counts II, II, and IV of Its Complaint (hereinafter the "Motion")(d/e 31). For the reasons stated below, the Motion is DENIED. Instead, pursuant to Federal Rule of Civil Procedure 56(f)(1), summary judgment for Defendant Steve Collins is ALLOWED on the duty to defend issue.

1

## FACTS

The facts in this case are undisputed. Defendants Paul Kincaid ("Kincaid") and Steve Collins ("Collins") were business partners who, pursuant to their romantic involvement, shared a residence. The business they operated was The Hair Clinic, a hair salon in Litchfield, Illinois. The Hair Clinic is also a Defendant in this lawsuit.

Tragically, the lawsuit arises from sexual abuse which Kincaid perpetrated against a minor, John Doe ("Doe"), who worked at The Hair Clinic. The abuse occurred both at The Hair Clinic and the residence Kincaid and Collins shared. In the residence was a computer on which Kincaid child pornography.

Kincaid was criminally prosecuted, convicted and sentenced to prison for manufacturing and possessing child pornography. See <u>United States v. Kincaid</u>, 571 F.3d 648 (7th Cir. 2009). Following his conviction, Kincaid allegedly transferred assets to Collins in order to prevent Doe from obtaining the assets via some future civil action.

On May 4, 2009, Doe commenced a civil action against Kincaid,

Collins and The Hair Clinic in state court.  See Doe v. Kincaid, et al, Circuit Court of the 4th Judicial Circuit (Montgomery County), No. 2009-L-10. Among other things, Doe alleged that Collins was negligent because he failed to protect Doe from Kincaid and liable for partaking in a fraudulent conveyance of assets.  See State Auto's Memorandum in Support of Summary Judgment as To Counts II, II, and IV of Plaintiff's Complaint (hereinafter "State Auto's Memorandum") at Exhibit J (copy of Doe's state court Complaint, Count Ten and Count Eleven).  Doe also alleged that The Hair Clinic was liable for negligently hiring, retaining and supervising Kincaid.  Id. at Count Twelve and Count Thirteen.  Collins notified State Auto of Doe's claims and demanded coverage.

Collins' insurer was Plaintiff State Auto Property and Casualty Insurance Company ("State Auto"), an Iowa corporation whose principal place of business is Columbus, Ohio.  From October 8, 1999, to October 8, 2008, State Auto provided business liability insurance to "Steve Collins and Paul Kincaid DBA The Hair Clinic" under policy number SOP9612605.  State Auto sought a declaratory judgment from this Court as to whether it

had a duty to defend Collins and The Hair Clinic against Doe's claims.

The Court stayed the case pending resolution of Doe's state Court action. See State Auto Property and Casualty Insurance Company v. Kincaid, 2010 WL 1994861 (C.D.Ill.). The stay was ultimately lifted and the Court allowed a motion from State Auto which argued that Kincaid, due to his intentional conduct, was not entitled to policy coverage. See d/e 48 (Opinion entered June 22, 2010).

State Auto now argues that it has no duty to defend Collins and The Hair Clinic because Collins knew of Kincaid's perderastic behavior and, thus, "expected" Kincaid's actions. See State Auto's Memorandum at 1-2. State Auto also contends that it has no duty to defend The Hair Clinic because The Hair Clinic, a "dba" (doing business as"), is not a distinct entity from Collins. Id. at 10-11. Moreover, since the policy did not contemplate that sexual abuse would occur on the business premises, State Auto claims it has no duty to defend The Hair Clinic. Id. at 12. Additionally, State Auto argues it has no duty to defend Collins for Doe's claim that Collins engaged in a fraudulent transfer of assets because the

4

transfer was an intentional act. Id. at 9.

State Auto contends that if it succeeds in proving it has no duty to defend all of the claims against Collins, it is entitled to reimbursement of all the costs it has expended litigating the duty to defend issue. Id. at 12-14. State Auto is operating under a reservation of rights. Id. at 13.

After reading State Auto's summary judgment motion, the insurance policy and the relevant caselaw, it appeared to the Court that State Auto had a duty to defend Collins. Since Collins had not moved for summary judgment, the Court issued a Federal Rule of Civil Procedure 56(f)(1) order advising the Parties that non-movant Collins may be entitled to judgement on the duty to defend issue. See Text Order dated December 14, 2010. The Court allowed the Parties to submit supplemental briefing and State Auto did so on January 31, 2011. See Plaintiff's Supplemental Brief in Further Support of Its Motion For Summary Judgment As to Counts II, II and IV of Its Complaint ("Supplemental Brief") (d/e 60).

The Court has read State Auto's supplemental brief. Nothing in the supplemental brief dissuades the Court from concluding State Auto has a

duty to defend Collins. While Federal Rule of Civil Procedure 56 allows Collins to file a responsive brief and State Auto to submit a reply thereto, those pleadings would merely delay and increase the cost of the proceedings. Therefore, the Court issues its Opinion forthwith.

## JURISDICTION & VENUE

Since all Defendants are diverse from State Auto and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Personal jurisdiction exists because Collins, conducted his business in Illinois. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "'purposefully avail[ed] itself of the privilege of conducting activities'" in the forum state)(quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Venue exists because the Defendants all reside in Illinois and Collins resides in this judicial district. See 28 U.S.C. §1391(a)(1).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A moving party must show that no reasonable fact-finder could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986); Gleason v. Mesirow Fin., Inc., 118 F.3d 1134, 1139 (7th Cir. 1997).

## ANALYSIS

As this case is founded on diversity jurisdiction, the Court "must apply the law of the state as it believes the highest court of the state would apply it if the issue were presently before that tribunal." State Farm Mut. Auto. Ins. Co. v. Pate, 275 F.3d 666, 669 (7th Cir. 2001). Absent controlling authority from the State's highest court, federal courts exercising diversity jurisdiction may consider decisions of the State's lower courts, courts of other jurisdictions and other persuasive authority. See Stephan v. Rocky Mountain Chocolate Factory, Inc., 129 F.3d 414, 417 (7th Cir. 1997).

Under Illinois law, courts must look to a complaint's allegations to

determine whether an insurer owes its insured a duty to defend. See Western Casualty & Surety Co., v. Adams County, 534 N.E.2d 1066, 1068 (Ill.App.Ct. 1989). Insurers may not refuse to defend an action against an insured unless a complaint's allegations clearly show that the action is not potentially within the policy's coverage. Id. If one or more causes of action alleged against the insured are potentially within the policy's coverage, an insurer must honor its duty to defend the insured. See id. (citation omitted). Alternately stated, an insurer must defend its insured unless a complaint "alleges facts which, if true, would exclude coverage". Id. (citation omitted).

As a general rule, insurance companies have no duty to defend insureds who sexually abuse minors because the resulting harm is "expected" and, therefore, not an accidental "occurrence" covered by the policy. See Hartford Ins. Co. of Illinois v. Kelly, 723 N.E.2d 288 (Ill.App.Ct. 1999) (no duty to defend insured against minor's sexual abuse claims because abuse was not a covered "occurrence" under the policy) . While one insured's intent cannot be imputed to another insured for purposes of assessing an

insurer's coverage duties, a policy's express language coupled with a complaint's explicit allegations have been used to show that a non-abuser insured can be denied coverage when a victim's claims demonstrate that the non-abuser insured "expected" or "intended" harm. <u>See</u>, <u>e.g.</u>, <u>Fittje v. Calhoun County Mut. County Fir Ins. Co.</u>, 552 N.E.2d 353 (Ill.App.Ct. 1990), and <u>Westfield National Ins. Co. v. Continental Community Bank and Trust Co.</u>, 804 N.E.2d 601, 608 (Ill.App.Ct. 2003).

I. <u>Duty to Defend Collins</u>

Doe's Complaint alleges that Collins "knew, or reasonably should have known" that Kincaid engaged in illegal activities, that Collins allowed sexual activity to occur between Kincaid and the victim, and that Collins allowed "unspeakable acts" to occur. <u>See</u> <u>id.</u> at ¶ 37. It also alleges that Collins knew Kincaid was engaging in "inappropriate sexual behavior" and allowed Kincaid to keep child pornography on the couple's home computer. <u>Id.</u> at ¶¶ 34-35.

Because Collins was State Auto's "insured", State Auto has a duty to defend Collins against claims which are potentially within the policy's

definition of covered "occurrences".  See Western Casualty, 534 N.E.2d at 1068.  Under the State Auto policy issued to Collins, an "occurrence" is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  See id. at Ex. A, p. 38 of 50 (policy's definition of "occurrence").  Since Doe claims that Kincaid abused him at Collins' business, The Hair Clinic, and that Collins negligently allowed that abuse to occur, Doe's negligence, negligent hiring and negligent supervision claims are potentially covered by the policy.

Relying primarily on Westfield, State Auto tries to show that it has no duty to defend because Doe's Complaint shows Collins "expected" Doe's injury.  See State Auto's Memorandum at 8-9, citing Westfield, 804 N.E.2d. 601.  In Westfield, the Illinois Court of Appeals found an insurer had no duty to defend a wife because the complaint's allegations showed the wife "expected" that her pedophile husband would sexually abuse minors at the couple's residence.  See Westfield, 804 N.E.2d at 609.  The complaint alleged that the wife:  knew her husband had prior criminal involvement with minors; knew her husband had inappropriate physical encounters with

minors; encouraged minors to visit the couple's home; directed minors to sit on her husband's lap while he was partially clad; allowed collective viewing of films which depicted nudity; encouraged comments regarding actors/actresses in relation to the minors' bodies; and disregarded an instance where one minor locked herself in a bathroom and cried. Id. Based on the foregoing allegations, the court held that the wife "expected" the minors' injuries regardless of whether she anticipated the specific harm. Id. Thus, despite an attempt to invoke coverage by characterizing the wife as negligent, the court found her alleged conduct was intentional and there was no duty to defend. Id.

While Collins' alleged conduct is not to be condoned, it is vastly different from the situation in Westfield. Unlike the wife in Westfield, Collins is not alleged to have actively encouraged or facilitated Kincaid's physical contact with children. Moreover, Collins never disregarded a criminal record or anything akin to the bathroom event described in Westfield. As such, the factual and legal underpinnings of Westfield fail to show that Collins "expected" or "intended" Doe's injuries. Since Collins did

not expect or intend Doe's injuries, Doe's injuries are by definition "accidental". See Aetna Casualty & Surety Co. v. Freyer, 411 N.E.2d 1157 (Ill. 1980) (stating that Illinois courts define "accident" as . . .[an] unexpected event"); see also, www.merriam-webster.com/dictionary/accidental, at entry 2(b)(online dictionary defining "accidental" as an adjective which means "happening without intent")). The policy State Auto issued to Collins insures against any "occurrence" which is "accidental". See State Farm Memorandum at Ex. A, at p. 38 of 50 (policy's definition of "occurrence"). Therefore, Doe's sexual abuse is an occurrence which triggers State Auto's duty to defend Collins.

State Auto tries to avoid this outcome by citing Pekin Ins. Co. v. Wilson, 930 N.E.2d 1011 (Ill. 2010) and Pekin Ins. Co. v. Dial, 823 N.E.2d 986 (Ill.App.Ct. 2005). Supplemental Brief at 3-5. Neither case aids State Auto's cause.

The Wilson case is not on point since it considered whether an insurer had a duty to defend an insured who engaged in intentional acts of violence (albeit when self-defense required the violent acts). Even if Wilson were

12

relevant, the decision undercuts State Auto's efforts since <u>Wilson</u> concluded that the insurer had a duty to defend the insured. See <u>Wilson</u>, 930 N.E.2d at 1022-23.

Similarly, State Auto's reliance on <u>Dial</u> is misplaced. The insured in <u>Dial</u> engaged in deliberate sexual acts with a minor and demanded that his insurer defend him in a subsequent lawsuit. Citing <u>Westfield</u>, <u>infra</u>, the <u>Dial</u> court held that an insurer has no duty to defend an insured for claims arising from the insured's deliberate sexual acts. See <u>Dial</u>, 823 N.E.2d at 992. As this Court explained above, the limitation discussed in <u>Dial</u> does not apply here since the evidence does not show that Collins expected or intended Doe's injuries. Moreover, unlike the insured in <u>Dial</u>, Collins did not sexually assault anyone. Accordingly, <u>Dial</u> does not relieve <u>State Auto</u> of its duty to defend Collins.

II. <u>Duty to Defend The Hair Clinic</u>

State Auto also contends that an insurer has no duty to defend a business in a civil action when liability arises from criminal acts perpetrated by one of the business' partners on the business premises. See <u>State Auto</u>

Memorandum at 12.  In violation of Local Rule 7.1(D)(1)(c), State Auto fails to cite any authority to support its argument.  Id. ("Under an appropriate subheading for each separate point of law, explain the legal point, *with citations to authority . . . .*")(emphasis added)); see also, United States v. McLee, 436 F.3d 751, 760 (7th Cir. 2006) (it is not a judge's responsibility to research and construct the parties' arguments).

Regardless, State Auto's unsupported contention is at odds with the policy.  The policy provided coverage for "Steve Collins and Paul Kincaid DBA The Hair Clinic".  See, i.e., State Auto Memorandum at Ex. A-1.  While State Auto says Collins and The Hair Clinic are "one and [*sic*] the same", State Auto fails to appreciate the effect of that oneness.  See State Auto Memorandum at 11.  Since The Hair Clinic and Collins are "one", a suit against The Hair Clinic is a suit against Collins.  Coverage is, therefore, required for both entities under the policy.  If there was any doubt, it would have to be resolved in Collins' and The Hair Clinic's favor.  See Western Casualty, 534 N.E.2d at 1068 ("any doubts about potential coverage are to be resolved in the insured's favor")(citation omitted).

III. Additional Claims and Reimbursement of Costs

Since State Auto has a duty to defend Collins and The Hair Clinic on at least one claim, State Auto must honor its duty to defend all claims alleged in Doe's Complaint. See Western Casualty, 534 N.E.2d at 1068 (an insurer must satisfy its duty to defend if at least one cause of action is potentially within the policy's coverage). Thus, it is unnecessary to decide whether any other claim also triggers the duty to defend.

Additionally, because the Court has determined that State Auto owes Collins and The Hair Clinic a duty to defend, State Auto is not entitled to seek reimbursement from Collins or The Hair Clinic for any defense costs. See General Agents Ins. Co. of America v. Midwest Sporting Goods Co., 828 N.E.2d 1092, 1104 (Ill.App. 2005) (if no duty to defend exists, an insurer may recover defense costs from its insured pursuant to an insurance policy's reimbursement clause).

## CONCLUSION

THEREFORE, Plaintiff State Auto Property and Casualty Insurance

Company's Motion for Summary Judgment as To Counts II, II, and IV of Its Complaint (d/e 31) is DENIED. Pursuant to Federal Rule of Civil Procedure 56(f)(1), summary judgment for Defendant Steve Collins is ALLOWED and the Court holds that Plaintiff has a duty to defend Defendant Steve Collins.

ENTERED this 1st day of February, 2011

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE